**KEMP, Plaintiff, v. D'ARCY, Defendant.**

Municipal Court (Civil Division), Dayton, Ohio.

No. 84009.   Decided December 17, 1946.

Pickrel, Schaeffer & Ebeling, Dayton, for Plaintiff.
Martin T. Burnham, Springfield, for Defendant.

**Decision on Motion.**

**OPINION**

By McBRIDE, J.

The plaintiff has issued an Order In Aid Of Execution in which wages of the defendant were attached. The defendant

then moved "for an order discharging the attachment of the defendant's funds" in the hands of the employer. The reason advanced on behalf of the motion is the non-compliance with §10272 GC of Ohio which requires a five-day demand notice before personal earnings are attached.

The question presented is whether the five-day demand upon personal earnings required by §10272 GC applies to garnishments in the Municipal Court of Dayton, Ohio. The Supreme Court in **Stein-Orebaugh, Inc. v Andre, 140 Oh St 182, 23 OO 407**, held that:

"Sec. 10272 GC, requiring that 'a demand in writing for the excess over and above the amount of the personal earnings of the debtor exempt from exemption, attachment or sale to satisfy a judgment or order' be served upon the debtor, has no application to a proceeding in aid of execution in a Common Pleas Court." Decided July 1, 1942.

Following this decision, the Common Pleas Court of Hamilton County in **Coleman v Levinson**, decided February 17, 1943, reported in **25 OO 359**, held that:

"1. Sec. 10272 GC, applies to garnishments in the Municipal Court of Cincinnati.

"2. The notice of garnishment is a condition precedent to the garnishment proper."

The Court then gave the rule for the Municipal Court of Cincinnati, holding that the amount involved determined whether the notice of garnishment was required or not and the Court quoted the rule furnished in Hamilton v Rotterman, 19 N. P. (N. S.) 94. Since municipal courts are created by separate sections of the General Code, it is always necessary to refer to the code to determine questions which arise in the respective courts.

Sec. 1579-52 GC provides the authority for ancillary and supplemental proceedings in the Municipal Court of Dayton, Ohio. The second paragraph of that section recites:

"The municipal court shall, in all causes have jurisdiction of proceedings in aid of execution. The procedure in all such cases, **irrespective of the amount of the judgment**, shall be the same, as is now, or may hereafter be, provided for the Court of Common Pleas."

This second paragraph does not appear in §1558-7 GC of

470

the act establishing the Municipal Court of Cincinnati. Consequently, the **Coleman v Levinson** decision reported in 25 **OO 359**, has no application in the Municipal Court of Dayton, Ohio. The wording of §1579-52 GC is subject to but one interpretation and that is that in orders in aid of execution, the Municipal Court of Dayton is required to follow the rule applicable to the Common Pleas Court, irrespective of the amount of the judgment. Thus this Court must follow the **Stein-Orebaugh v Andre case, 140 Oh St 182, 23 OO 407**, even if the amount of the judgment were less than $100.00.

The judgment in the within case is for a sum in excess of $300.00 so that it is, therefore, necessary for us to follow the rule outlined for the Common Pleas Court in the decision of the Supreme Court.

Sec. 10272 GC was enacted to serve a useful and very desirable purpose, however, it is rendered inaffective by the provisions of §1579-52 GC of the act establishing the Municipal Court of Dayton, Ohio by which act, this Court is expressly required to follow the Common Pleas practice in which the five-day notice is not required. This situation can only be corrected by an act of the legislature.

The motion is overruled.